UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN E. LOCKWOOD,

    Plaintiff,

v.                                                                               Case No. 1:07-cv-602
                                                                                 Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on March 26, 1953 and completed high school (AR 45, 72).[1] He alleges that he has been disabled since October 30, 2002 (AR 45). Plaintiff had previous employment as a packing machine operator (AR 68). Plaintiff identified his disabling conditions as depression, anxiety and stress (AR 67). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on April 27, 2006 (AR 15-24). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the [Commissioner] to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that he has not engaged in substantial gainful activity at any time relevant to the decision (AR 17). Second, the ALJ found that he suffered from the following severe impairments:

"depression; paranoid personality disorder; and a history of alcohol/substance abuse, in current remission" (AR 17). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, specifically Listing 12.04 (depression) and Listing 12.08 (personality disorder) (AR 20).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to perform simple, unskilled work with an SVP rating of 1 or 2 and work that requires only minimal contact with co-workers; minimal contact with, and minimal direction from a supervisor; work requiring no contact with the public; work that does not require being in close proximity of others; routine work that does not require frequent significant changes or adaptations; and work that does not involve production quotas or goals or keeping pace with co-workers. The claimant has no exertional or physical limitations.

(AR 20). The ALJ found that plaintiff could not perform his past relevant work as a packing machine operator (AR 23).

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a significant range of work at all exertional levels (AR 23-24). The ALJ found that plaintiff could perform a number of jobs in the regional economy (i.e., the lower peninsula of Michigan), specifically: hand packager (2,000 jobs at medium exertion, 4,000 jobs at light exertion, and 200 jobs at sedentary exertion); equipment cleaner (3,000 jobs at medium exertion and 1,500 jobs at light exertion); and sorter (150 jobs at medium exertion, 1,000 jobs at light exertion, and 100 jobs at sedentary exertion) (AR 23-24). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 24).

**III. ANALYSIS**

Plaintiff's brief did not include a statement of errors as required by the court's order directing filing of briefs. However, counsel rectified this omission by filing a separate "statement of errors" the following day, setting forth six claims of error.

> **A. The Commissioner erred by not giving the opinion of the treating medical source, Dr. Timothy Strang, controlling weight.**
>
> **B. The Commissioner erred by not giving the opinion of Dr. Strang more weight that opinions of non-treating sources.**

Plaintiff contends that the ALJ improperly discounted the opinions of his treating psychologist, Timothy Strang, Ph. D. A plaintiff's treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). However, an ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by

5

sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1527.  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

### 1. Dr. Strang's opinions

Plaintiff contends that the ALJ should have given controlling weight to Dr. Strang's opinion that plaintiff was unemployable.  Plaintiff points to a letter from Dr. Strang to his attorney for a treatment update in January 2006, in which Dr. Strang observed that plaintiff suffered from chronic major depression and paranoid personality disorder, and that his

> long-term prognosis would be considered to be poor.  His attitudes are deeply ingrained and pervade most of his everyday functioning, limiting his contact with others and impeding attempts to build a social support network.  He would carry his mistrust and suspicion along with him into any employment situation; in my opinion, he is unemployable.

(AR 200-01).

As an initial matter, although Dr. Strang was a treating psychologist, the ALJ was not bound by the doctor's conclusion that plaintiff "is unemployable."  *See* 20 C.F.R. § 404.1527(e)(1) ("[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled").  Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner.  *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986).  *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (the determination of disability is the prerogative of the Commissioner, not the treating physician).

In addition, the ALJ explained that he did not give controlling weight to Dr. Strang's opinion because it was unsupported by the evidence:

> While Dr. Strang has reported that he had a treating relationship with [plaintiff], the record does not contain any treatment notes since December 13, 2000, which is almost two years prior to [plaintiff's] alleged onset/retirement date. In addition, Dr. Strang's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive. Therefore, the undersigned does not give controlling weight to the opinion of Dr. Strang that [plaintiff] is unemployable.

(AR 22).

Plaintiff takes issue with the ALJ, asserting that Dr. Strang's opinion is not contradicted by other evidence. Plaintiff points to his work record from October 1, 1999 through August 22, 2001 as documentation that he is "unemployable." During this time, he was disciplined three times for using abusive and threatening language toward fellow employees and taking unauthorized time off work (AR 248-60, 271-77). Plaintiff also contends that the report of Michelle Croce, M.A., L.L.P., a consultative examiner, is consistent with Dr. Strang's opinion.

Plaintiff's arguments are not persuasive. To be given controlling weight, Dr. Strang's opinions must be both "supported by sufficient clinical findings" and "consistent with the evidence." *Cutlip*, 25 F.3d at 287. With regard to plaintiff's work history, the only evidence before the ALJ was plaintiff's testimony regarding the circumstances of leaving his job in October 2002 (AR 271-77). The evidence before the ALJ did not include the records of disciplinary proceedings against plaintiff from 1999 through 2001, which included: a suspension in February 2000 ("breach of normal good conduct" and "failure to comply with job jeopardy document dated 10-12-99); a suspension in August 2001 (taking unauthorized time off); a notice of termination in November 2001; and a "last chance agreement" in January 2002 (AR 248-60). These documents were not part

of the administrative record reviewed by the ALJ, but were first presented as exhibits to the Appeals Council in June 2006 (AR 8). The court cannot rely on these documents to evaluate the ALJ's decision denying benefits. When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[2]

In addition, Dr. Strang's opinions were not consistent with Ms. Croce's report. After examining plaintiff on February 23, 2005, Ms. Croce concluded that plaintiff had no restrictions in his ability to make judgments on simple work related decisions, and only slight or moderate restrictions in his ability to respond appropriately to others in a work setting (AR 187-98). The ALJ noted that his RFC determination was generally consistent with Dr. Croce's evaluation and the State Agency Mental RFC assessment (AR 177-82, 197-99). The ALJ could rely on the opinions of the state agency physician who reviewed plaintiff's file. *See* 20 C.F.R. §§ 404.1527(f)(2)(i) and 416.927(f)(2)(i) (state agency medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation"); *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (when treating physicians and consulting physicians provide conflicting opinions, an ALJ may decide to accept the consulting physician's assessment, as long as that opinion is supported by substantial evidence).

---

[2] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

Finally, as the ALJ articulated in his opinion, Dr. Strang's opinion was not supported by sufficient clinical findings. While Dr. Strang reported on plaintiff's condition as it existed in January 2006, the record only contained the doctor's treatment notes for the period of March through December 2000 (AR 105-15).

Accordingly, the ALJ could properly conclude that Dr. Strang's opinions were not entitled to controlling weight.

### 2. The ALJ's duty to supplement Dr. Strang's records

Next, plaintiff contends that "[w]hen the ALJ determined that Dr. Strang's opinion was lacking sufficient support, it was his duty and responsibility to seek additional evidence from Dr. Strang." Plaintiff's Brief at 15. The regulations require the ALJ to develop a claimant's complete medical history for at least 12 months preceding the month in which he filed his application for benefits and to make every reasonable effort to help the claimant get medical reports from his own medical sources. 20 C.F.R. § 404.1512(d). For purposes of this regulation, the term "every reasonable effort"

> means that we will make an initial request for evidence from your medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one followup request to obtain the medical evidence necessary to make a determination. The medical source will have a minimum of 10 calendar days from the date of our followup request to reply, unless our experience with that source indicates that a longer period is advisable in a particular case.

§ 404.1512(d)(1). Plaintiff neither alleges nor demonstrates that the ALJ failed to make such reasonable efforts. While the ALJ has a "special duty" to develop the administrative record and ensure a fair hearing for claimants that are unrepresented by counsel, *see Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986), the ALJ has no such special duty in

9

cases such as this, where the claimant is represented by counsel.  *See  Trandafir v. Commissioner of Social Security*, No. 00-3634, 2003 WL 245341 at *2 (6th Cir. Jan. 31, 2003) (ALJ does not have a "special, heightened duty to develop the record" when the claimant is represented by counsel).

The court also disagrees with plaintiff's contention that the ALJ could not reject Dr. Strang's opinion as unsupported by the evidence without first re-contacting the doctor.  "[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the evidence the ALJ receives from the claimant's treating physician that triggers the duty." *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) (internal quotation marks omitted).  It is permissible for the ALJ to determine that the information received from a physician is adequate for consideration, but that the physician's conclusion is not supported by the record.  *Id.* at 908-09.  In determining whether it is necessary to remand for a clarification of the record, the court is guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.  *See Bailey v. Barnhart*, 39 Fed. Appx. 430, 434-35 (7th Cir. 2002); *Brown v. Shalala*, 44 F.3d 931, 935-36 (11th Cir. 1995).  Absent a gap in the record, the ALJ has no duty to re-contact the physician.  *See Johnson v. Barnhart*, 138 Fed. Appx. 186, 189 (11th Cir. 2005); *Bailey*, 39 Fed. Appx. at 434-35.

Plaintiff apparently contends that the "gap in the record" is the lack of Dr. Strang's treatment notes since plaintiff's alleged onset date of October 30, 2002.  Plaintiff points out that Dr. Strang's reports from 2003, 2004 and 2006 reference on-going treatment.  In a report for a status examination in September 2003, Dr. Strang refers to plaintiff as "a client of mine for the past few years" (AR 156).  In a mental RFC assessment in February 2004, Dr. Strang states that he has seen plaintiff "for past 4-5 years, periodically" (AR 183).  Then, in the January 2006 "treatment update,"

10

Dr. Strang states that plaintiff "has faithfully attended individual psychotherapy sessions at a frequency of about twice a month for the past two or three years" (AR 200). The issue before the court is whether the ALJ should have re-contacted Dr. Strang to obtain the underlying treatment records.

At the administrative hearing on January 10, 2006, plaintiff's counsel confirmed that the ALJ had received Dr. Strang's January 3rd report and agreed that the relevant medical record was complete:

> ALJ:     Any additional medical evidence that we don't have before us that might be relevant to the case?
>
> ATTY:    I do not believe so.
>
> ALJ:     All right. Then the record's complete and up to date to the best of your knowledge?
>
> ATTY:    I say that and I, again, I think I've sent letters from Dr. Gunderson which are just basically physical problems, but I don't think any of those are disabling. They're just records of recent treatment. But I don't think that those are, there wasn't anything in there besides routine check ups and things like that.
>
> ALJ:     Okay.
>
> ATTY:    And I thought we had sent them last week.
>
> ALJ:     All right. I, I --
>
> ATTY:    You don't have them?
>
> ALJ:     -- those aren't ringing a bell with me. It sounds like they're not particular relevant [sic] to the main --
>
> ATTY:    I do have a copy. Again, it's largely routine check ups.
>
> ALJ:     Okay. Well if you'd like to leave those with us we'll add them to the file, look them over, before we finalize a decision.

11

ATTY:      Okay.

(AR 264-66).

Based on this record, the ALJ was justified in relying on counsel's representation that the medical evidence was complete at the time of the hearing and that there were no gaps in the evidentiary record. The ALJ properly determined that the information received from Dr. Strang was adequate for consideration, but not supported by the record. *See White*, 287 F.3d at 908-09. Furthermore, plaintiff was not prejudiced because even if he later determined that there were gaps in the record, he had opportunities to "fill the gaps" by presenting additional medical evidence to both the Appeals Council and this court for purposes of a sentence-six remand. Accordingly, the ALJ properly entered the decision based upon the record before him.

> **C. The Commissioner erred by not finding that plaintiff met the impairment of Listing 12.04 (Affective Disorders).**
>
> **D. The Commissioner erred by not finding that plaintiff met the impairment of Listing 12.08 (Personality Disorders).**

In his decision, the ALJ stated that he considered plaintiff's depression under Listing 12.04 and his personality disorder under Listing 12.08, and found that "no treating or examining physician has indicated findings that would satisfy the severity requirement of any listed impairment" (AR 20). The "Listing of Impairments" is set forth at 20 C.F.R. § 404, Subpt. P, Appendix 1. The Listing "describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525. *See also* 20 C.F.R. § 416.925. At the third step of the sequential evaluation, a claimant bears the burden of demonstrating that he meets or equals a listed impairment. *Evans v. Secretary of Health & Human Servs*., 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled

under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d).

In his statement of errors (docket no. 10), plaintiff asserts that the Commissioner erred by not finding that he satisfied the requirements under Listing 12.04 (A.1., B.2., B.3. and B.4) and Listing 12.08 (A.2, A.3, A.4, B.2, B.3 and B.4). However, plaintiff's brief does not address these issues, let alone demonstrate how the ALJ erred in finding that neither Listing applied. A court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court deems this argument waived.

> **E. The Commissioner erred by finding that plaintiff's residual functional capacity allowed him to perform a number of jobs existing in the relevant region.**

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a vocational expert (VE) in response to a hypothetical question which accurately

13

portrays the claimant's physical and mental impairments. *Id.* Here, the ALJ relied on the VE's testimony to support his conclusion that plaintiff could perform the 11,950 jobs as hand packager, equipment cleaner and sorter.

Plaintiff notes that the basic requirements for these jobs are set forth in a website entitled www.occupationalinfo.org., which states that it contains the *Dictionary of Occupational Titles (DOT)* revised fourth edition, as supplied electronically by the United States Department of Labor. However, plaintiff directs the court to "O*NET Online, http://online.onecenter.org, a website which states that it "serves as the nation's primary source of occupational information." The gist of plaintiff's argument is that he does not possess the necessary skills and abilities to perform the jobs of hand packager, equipment cleaner and sorter as identified in "O*NET Online."

The ALJ is not required to accept the occupational information contained in the "O*NET Online" or any particular source. Under the regulations, an ALJ is authorized "to use a vocational expert or other specialist" and to "take administrative notice of reliable job information available from governmental and other publications." 20 C.F.R. § 404.1566(d), (e). Here, while the ALJ found that the VE's testimony was consistent with information contained in the *DOT*, he was not required to adopt the classifications as set forth in that source (AR 24). An ALJ is "within his rights to rely solely on the vocational expert's testimony," even if that testimony conflicts with the *DOT*, because "[t]he social security regulations do not require the [Commissioner] or the expert to rely on classifications in the *Dictionary of Occupational Titles*." *Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995). *See* SSR 00-4p (providing that "[o]ccupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT," but cautioning that "[n]either the DOT nor the VE . . . evidence automatically

'trumps' the other when there is a conflict"). Accordingly, the ALJ did not commit error in adopting the VE's opinion.

### F. The Commissioner erred by not considering a partially favorable decision, based on a finding of a later onset date.

Plaintiff's brief does not address this alleged error. Accordingly, the court deems this argument waived. *See McPherson*, 125 F.3d at 995-96; *Little*, 71 F.3d at 641.

### IV. Recommendation

I respectfully recommend that the Commissioner's decision be affirmed.


Dated:  July 3, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).