UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MELVIN E. LOCKWOOD,

        Plaintiff,

v.                                                                          Case No. 1:07-CV-602

COMMISSIONER OF SOCIAL SECURITY,              HON. GORDON J. QUIST

        Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on 3 July 2008, in which the magistrate judge recommended that the Commissioner's decision denying Plaintiff's application for Social Security disability insurance benefits be affirmed pursuant to 42 U.S.C. § 405(g).  The magistrate judge concluded that the ALJ's determination that Plaintiff was not disabled as defined in sections 216(i) and 223(d) of the Social Security Act[1] was supported by substantial evidence.  The Court has conducted a de novo review of the magistrate judge's report and recommendation pursuant to Fed. R. Civ. P. 72(b) and concludes that the report and recommendation should be adopted by the Court.

The Plaintiff has no exertional or physical limitation that prevents him from working. Rather, the parties agree that Plaintiff has severe impairments of depression, paranoid personality disorder, and a history of substance abuse in remission.  Plaintiff's claim failed in the Fifth Step: Whether Plaintiff could perform jobs in Michigan.  Relying upon an expert witness, the ALJ found

_____

[1] 42 U.S.C. § 416(i)  and 42 U.S.C. § 423(d), respectively.

that Plaintiff could perform 10,000 jobs in Michigan.  The Magistrate Judge affirmed, and Plaintiff appealed.

Plaintiff presents six objections to the magistrate judge's report and recommendation. Plaintiff's objections reiterate the arguments he made before the magistrate judge in a statement of errors appended to his brief.  (Docket nos. 9, 10).

The bulk of Plaintiff's argument is that Dr. Timothy Strang's (Ph. D. Psychologist) opinion is entitled to controlling or, at the least, more weight than non-treating sources.  However, the magistrate judge correctly determined that Dr. Strang's opinion that Plaintiff was unemployable is a legal conclusion, and thus, not binding.  *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Furthermore, Plaintiff has given only cursory attention to the requirement that the treating physician's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and must not be "inconsistent with the other substantial evidence" in the record before it is entitled to such deference.  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 530 (6th Cir. 1997) (*quoting* 20 C.F.R. § 404.1527(d)(2)).  Brief notes consisting of three or four sentences each, covering treatment sessions in March, April, and May 2000, and another page of notes totaling three sentences and summarizing treatment sessions from June to December 2000 for an alleged disability commencing on December 20, 2002, do not constitute adequate clinical evidence to require the ALJ to grant controlling, or even substantial, weight to Dr. Strang's opinion. *Stephens v. Callahan*, 971 F.Supp. 1388, 1393 (N.D. Okla. 1977).  Nothing in these notes indicates Plaintiff's condition renders him unable to work.  Furthermore, the inclusion of a Millon Clinical Multi-Axial Inventory-III from 8 September 2003, and a mental residual functional capacity assessment from 10 February 2004, while relevant, is also insufficient to require the ALJ to afford Dr. Strang's opinion the benefit of the treating physician rule.

Plaintiff also asserts that Dr. Strang's opinion, while not entirely harmonious with the opinions of Ms. Croce and Dr. Rushlau, is not inconsistent with these opinions to the extent these opinions asserted that Plaintiff could perform simple, unskilled work.  The opinions of Ms. Croce and Dr. Rushlau, Plaintiff's testimony, and other evidence in the record provide substantial evidence in support of the ALJ's decision.

Plaintiff's third and fourth objections are that the magistrate judge should have found that the Plaintiff met the impairments of Listing 12.04 (Affective Disorders) and 12.08 (Personality Disorders).  The magistrate judge is correct that Plaintiff waived these issues by failing to address them in his brief.  Furthermore, Plaintiff's objection consists of a bare assertion that Dr. Strang "has offered findings on three separate occasions" that Plaintiff's "depression and personality disorder satisfy the listing requirements", and fails to explain the purported error in the ALJ's finding that these Listings do not apply.

Plaintiff's fifth objection is that the magistrate judge erred by finding that Plaintiff is capable of performing the 11,950 jobs as hand packager, equipment cleaner, and sorter in the lower peninsula of Michigan.  The magistrate judge correctly determined that the ALJ was authorized to rely upon the testimony of the vocational expert.  Plaintiff argues that the vocational expert's testimony that  consistent absenteeism three or more times per month without notice to the employer "would [not] be tolerated for very long"[2] proves Plaintiff could not be employed.  The Court rejects this argument.  The ALJ determined that Plaintiff's "statements concerning the intensity, duration and limiting effects" of his depression and paranoid personality disorder were not entirely credible. In light of the administrative record, particularly Plaintiff's tendency to minimize his drug and alcohol abuse, the Court finds the ALJ's assessment of Plaintiff's credibility is supported by

---

[2]  Citations to the administrative record are designated (AR "page #").

substantial evidence.  Consequently, the Court also finds that there is substantial evidence to support the conclusion that while Plaintiff's psychiatric disorders may well give rise to absenteeism significant enough to impair his ability to maintain employment, the impairment is not significant enough to render him incapable of performing suitable work.

Plaintiff's sixth objection is waived because, by Plaintiff's own admission, his brief does not address it.  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued 3 July 2008 (docket no. 12), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.


Dated:  September 18, 2008                          _____/s/ Gordon J. Quist_____
                                                                    GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE